YELVERTON, Judge.
William Gary Mitchell pleaded guilty to theft of 135,503.27 bushels of soybeans valued at $682,015.25, in violation of R.S. 14:67. Originally charged as 391 counts, the charge was reduced by a plea bargain to a single count of theft. That offense provides for a maximum penalty of 10 years, with or without hard labor, or a fine of $3,000, or both. Defendant was sentenced to five years at hard labor, and fined $3,000, and in default of payment of the fine, he was given an additional year of imprisonment. He appealed assigning four errors.
During oral argument counsel for defendant announced that the first two assignments of error were being abandoned. Defendant’s third assignment of error, concerning the denial of his motion to vacate the sentence and motion to withdraw his guilty plea, was the subject of a writ application previously filed, and already ruled upon by this court adversely to the defendant, No. K85-139 on our docket, April 15, 1985, and writ applications taken from our decision were denied by the Louisiana Supreme Court, State v. Mitchell, 468 So.2d 1210 (La.1985).
The only issue now before us is the claimed excessiveness of the sentence. We find that the sentence was not excessive. Defendant pleaded guilty to theft of $682,-000. Over 100 farmers were victims of the theft. The money has not been recovered and restitution will not be made. Defendant had the benefit of a plea bargain which reduced his exposure to one 10-year term, rather than numerous like terms under the multiple count original bill. Defendant had the benefit of a number of mitigating factors, all of which were carefully considered by the sentencing court. The judge’s attention to the sentencing criteria of C.Cr.P. art. 894.1 was a model of compliance. After weighing all factors in the balance, the trial judge was convinced that a sentence of five years out of 10, with the maximum $3,000 fine, was just and proper. The judge was convinced that a lesser sentence would deprecate the seriousness of the offense, especially in the light of the amount of the theft and the great number of its never-to-be-compensated victims. The sentence was a sound exercise of the trial court’s sentencing discretion. It is affirmed.
AFFIRMED.